Roman Shkodnik, Esq. (SBN 285152)
Amanda Fazio, Esq. (SBN 346350)
**D.LAW, INC.**
250 N Madison Avenue, 2nd Floor
Pasadena, CA 91101-1639
Tel.: (818) 962-6465 / Fax: (818) 962-6469
Emails: R.Shkodnik@d.law, A.fazio@d.law

Attorneys for Plaintiff MICHAEL HILESTUTHILL, on behalf of himself and others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL HILESTUTHILL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CROWN LIFT TRUCKS, an Ohio corporation; CROWN EQUIPMENT CORPORATION, an unknown entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:25-cv-03366-SSS-DTB<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3. Meal-Period Liability Under Labor Code § 226.7;<br>4. Rest-Break Liability Under Labor Code § 226.7;<br>5. Failure to Pay Vacation Wages<br>6. Violation of Labor Code § 226(a);<br>7. Reimbursement of Necessary Expenditures Under Labor Code § 2802;<br>8. Penalties Pursuant to Labor Code § 203; and<br>9. Violation of Business & Professions Code § 17200 *et seq*.<br>10. Penalties Pursuant to Labor Code § 2699, et seq.<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff MICHAEL HILESTUTHILL, (hereinafter "Plaintiff") on behalf of himself and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and all similarly situated current and former employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by CROWN LIFT TRUCKS, an Ohio corporation; CROWN EQUIPMENT CORPORATION, an unknown entity; and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and seeks redress.

2. Plaintiff is a resident of California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California at Defendants' facilities and offices in California. Plaintiff and the other Class members worked for Defendants in San Bernardino County and/or throughout California, and consistently worked at Defendants' behest without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class members were employed by Defendants and worked at Defendants' offices and other facilities where the conduct giving rise to the allegations in this Class Action Complaint occurred. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities, (2) was subjected to the same policies and practices, and (3) endured similar violations at the hands of Defendants as the other Employee Class members who served in similar and related positions.

3. Defendants required Plaintiff and the Employees in the Class to perform work while remaining under Defendants' control before and after being on the clock for their daily work shift. Defendants failed to provide Plaintiff and the Class with lawful meal and rest periods, as employees were not provided with the opportunity to take timely, uninterrupted, and duty-free meal and rest periods as required by the Labor Code.

## THE PARTIES

**A. The Plaintiff**

4. Plaintiff MICHAEL HILESTUTHILL has resided in California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California at Defendants' facilities and offices in California. Plaintiff was employed by Defendants from on or around August 19, 2024 through on or around December 26, 2024. At the time of his termination, Plaintiff's hourly rate was $33.50/hour. Plaintiff worked approximately 8 to 10 hours a day five days a week. Specifically, Plaintiff worked as a field service technician with job duties that included but were not limited to travelling to customers' location, engaging in customer service, and operating forklifts.

**B. The Defendants**

5. Defendant CROWN LIFT TRUCKS, ("CLT") is an Ohio corporation with its principle executive offices in Ohio and has been listed as the employer on the handbook issued to Plaintiff during the relevant time period. CLT lists an Ohio address with the California Secretary of State and employs Plaintiff and the Class members in California, including at Defendants' offices and facilities in San Bernardino, California, and throughout California and conducts business throughout California.

6. Defendant CROWN EQUIPMENT CORPORATION, ("CEC") is an entity of unknown form, and has been listed as the employer on the handbook issued to Plaintiff during the relevant time period. CEC employs Plaintiff and the Class members in California, including at Defendants' offices and facilities in San Bernardino, California, and throughout California and conducts business throughout California.

7. The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to

reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

8. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

**JURISDICTION AND VENUE**

9. San Bernardino Superior Court has proper jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. Plaintiff reserves all rights relating to filing and opposing a motion to remand this action to state court. This Action is brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred at least in part in San Bernardino County and Defendants maintain and operate company offices and facilities in San Bernardino County and employ Plaintiff and other Class members in San Bernardino County and throughout California.

**FACTUAL BACKGROUND**

10. The Employees who comprise the Class and Collective, including Plaintiff, are nonexempt employees pursuant to the applicable Wage Order of the IWC. Defendants hire Employees who work in nonexempt positions at the direction of Defendants in the State of California. Plaintiff and the Class members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Specifically, Plaintiff and Employees were required to clock out at the scheduled shift end-time and then continue to work.

For example, Plaintiff and employees were required to clean up and wait for other drivers to finish their route while off the clock. Once other drivers completed their route, Plaintiff and Employees were required to ride back to Defendant's shop in the company vehicle including, for instance on shifts during the pay period ending November 2, 2024. Moreover, Employees were required to carry their work phones and tablets during work and respond to work-related requests during meal and rest breaks. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, failed to provide meal and rest breaks, and failed to furnish accurate wage statements, all in violation of various provisions of the California Labor Code and applicable Wage Orders. At the time of Plaintiff's termination, Plaintiff's hourly rate was $33.50/ hour. Plaintiff worked approximately 8 to 10 hours a day five days a week.

11. Additionally, Defendants paid Plaintiffs and Employees shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. For instance, during the pay date November 8, 2024, Plaintiff received a bonus labelled as "Health Wise Credit" not incorporated into the overtime rate. As a further example, during the pay date on December 20, 2024, Plaintiff received a bonus labelled as "HW Credit" not incorporate into the overtime rate. On information and belief, both bonuses were non-discretionary. Therefore, during times when Plaintiffs and Employees worked overtime and received shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

12. Moreover, Plaintiff contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, by failing to provide meal and rest breaks, and failed to furnish accurate wage statements, all in violation of various provisions of the California Labor Code and applicable Wage Order provisions.

13. During the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed and

for all overtime hours worked, and they were forced to work during their meal and rest breaks to keep labor budgets low.

14. As a matter of uniform Company policy, Plaintiff and the Class members were required to work during their meal and rest breaks which were not compensated by Defendants in violation of the California Labor Code. Plaintiff and the Class members were also not paid regular wages and overtime for the time they were required to comply with other requirements imposed upon them, which they had to complete while working through their meal and rest breaks and without compensation. As a result, Plaintiff and the Class members worked shifts over eight (8) hours in a day and over forty (40) hours in a work week, but they were not paid at the appropriate overtime rate for all such hours, including by being required to perform work duties and tasks without pay and while off-the-clock. As a result, Plaintiff and the Class members worked substantial overtime hours during their employment with Defendants for which they were not compensated, in violation of the California Labor Code, applicable IWC Wage Orders.

15. As a result of the above described daily work demands and pressures to work through breaks, and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid for all wages earned and for all wages owed to them by Defendants, including when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class members incurred overtime hours worked for which they were not adequately and completely compensated, in addition to the hours they were required to work off the clock. To the extent applicable, Defendants also failed to pay Plaintiff and the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code, applicable IWC Wage Orders.

16. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wage for all time worked as required by California Law.

17. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing

to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wage for all time worked as required by California Law.

18. Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders.

19. Additionally, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective regular rate of pay, for each meal period that Defendants failed to provide or deficiently provided. Plaintiff and Employees were required to carry their work cell phones and tablets during work and respond to work-related requests, including during meal breaks, including for instance on shifts during the pay period ending November 2, 2024.

20. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants paid Plaintiff and Employees shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating vacation pay. For instance, during the pay dated November 8, 2024, Plaintiff received a bonus labelled as "Health Wise Credit" not incorporated into the overtime rate. As a further example, during the pay date on December 20, 2024, Plaintiff received a bonus labelled as "HW Credit" not incorporate into the overtime rate. On information and belief, both bonuses were non-discretionary. Therefore, during times when Plaintiff and Employees worked overtime and received shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary

bonuses, Defendants failed to pay all vacation pay by paying a lower overtime rate than required.

21. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Employees with paid duty-free rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did Defendant pay Employees premium pay for each day on which requisite rest breaks were not provided or were deficiently provided at one hour of wages at each Employee's effective regular rate of pay, for each rest period that Defendants failed to provide or deficiently provided. Specifically, Plaintiff and Employees were required to carry their work cell phones and tablets during work and respond to work-related requests, including during rest breaks, including for instance on shifts during the pay period ending November 2, 2024

22. Additionally, from at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely, accurate, and itemized wage statements as required by California wage-and-hour laws. Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees. The wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove. The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct and potentially resulting in a miscalculation by the Employees. Further, Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees.

23. Additionally, from at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to provide Employees with timely,

accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws.

24. Additionally, from at least three (3) years prior to the filing of this lawsuit, and continuing to the present, Defendants have consistently failed to keep accurate time and wage records as required by California wage-and-hour laws.

25. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have failed to reimburse Employees for expenses necessarily incurred in the performance of their job duties for Defendants including, but not limited to power tools and hand tools, which were necessary to perform their duties under Defendants' employ which was used throughout the course of Employees' duties under Defendants' employ in violation of Labor Code § 2802. Plaintiff and Employees were required to bring their own tools, including power tools and hand tools to perform their job. Defendant offered employees loans that they could take to help finance the purchase of tools at workers' own expense. Such loans can be seen for instance on Plaintiff's wage statements during the pay period ending December 18, 2024.

26. From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have had a consistent policy of failing to pay all wages fur and owed to Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws. On information and belief, Plaintiff gave his notice of resignation on December 16, 2024. On information and belief, Plaintiff's last day worked was on December 26, 2024. On information and belief, Plaintiff did not receive his last pay until December 30, 2024, suggesting payment that was 4 days late with no waiting time payment.

27. In light of the foregoing, Employees bring this action pursuant to, inter alia, Labor Code §§ 202, 203, 210, 218.5, 226, 226.4, 226.7, 227.3, 245 *et seq*., 246, 510, 512, 558, 558.1, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1198.5, 1199, 2802, 2698, and 2699, *et seq*. and applicable provisions of the IWC Wage Orders.

28. Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code.

/ / /

## CLASS ALLEGATIONS

29. Plaintiff brings this class action on behalf of himself, and all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a class defined as follows: "All individuals employed by Defendants, at any time within four (4) years of the filing of this lawsuit, as non-exempt, hourly employees within the State of California.

30. Further, plaintiff seeks to represent the following Subclasses composed of and defined as follows:

a. Subclass 1. Minimum Wages Subclass. All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b. Subclass 2. Wages and Overtime Subclass. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c. Subclass 3. Meal Period Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d. Subclass 4. Rest Break Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

e. Subclass 5. Vacation Wages Subclass. All Class members who were not compensated at the Employee's regular rate of pay for their vacation wages.

g. Subclass 7. Wage Statement Subclass. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

h. Subclass 8. Failure to Reimburse for Necessary Business Expenditures. All Class members who were subject to Defendants failing to reimburse for expenses necessarily incurred in the performance of Employees job duties for Defendants which were necessary to perform their duties under Defendants' employ.

i. Subclass 9. Termination Pay Subclass. All Class members who, within the

applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

j. Subclass 10. UCL Subclass. All Class members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

31. Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

32. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

**A. Numerosity**

33. The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiff is informed and believes that, during the time period relevant to this lawsuit, Defendants employed more than 100 individuals within the State of California.

34. Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all class members.

**B. Commonality**

35. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact include:

a. Whether Defendants failed to pay Employees minimum wages;

b. Whether Defendants failed to pay Employees wages for all hours worked;

c. Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

d. Whether Defendants failed to pay Employees vacation wages as required under

Labor Code § 227.3;

f. Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

g. Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest breaks or premium pay in lieu thereof;

h. Whether Defendants violated Labor Code § 226(a);

i. Whether Defendants failed to keep accurate time and wage records;

j. Whether Defendants violated Labor Code §§ 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

k. Whether Defendants violated Business and Professions Code § 17200 *et seq*.; and

l. Whether Employees are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq*.

m. Whether Defendants are liable for penalties under Labor Code § 2699, *et seq*

**C. Typicality**

36. The claims of the named plaintiff are typical of those of the other Employees. Employees all sustained injuries and damages arising out of and caused by Defendant's common course of conducts in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D. Adequacy of Representation**

37. Plaintiff will fairly and adequately represent and protect the interest of Employees. Counsel who represents Employees are experienced and competent in litigating employment class actions.

**E. Superiority of Class Action**

38. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only

individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

39. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

40. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

41. At the time of his termination, Plaintiff's hourly rate was $33.50/ hour. Plaintiff worked approximately 8 to 10 hours a day five days a week.

42. Defendants failed to pay Employees minimum wages for all hours worked. Defendants had a consistent policy of misstating Employees time records and failing to pay Employees for all hours worked. Plaintiff and Employees were required to clock out at the scheduled shift end-time and then continue to work. For example, Plaintiff and employees were required to clean up and wait for other drivers to finish their route while off the clock. Once other drivers completed their route, Plaintiff and Employees were required to ride back to Defendant's shop in the company vehicle including, for instance on shifts during the pay period ending November 2, 2024. Further, Employees were required to carry their work phones and tablets during work and respond to work-related requests during meal periods. Moreover, Defendants did not pay Plaintiff and Employees at the applicable minimum wage for all hours worked. This caused Employees to work without compensation in excess of their eight-hour shift in a given workday. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to Employees, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiff and the other members of the Employees as to minimum wage pay.

43. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

44. The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are therefore entitled to double the minimum wage during the relevant period.

45. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

46. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

47. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

48. Wherefore, Employees are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

**(Against All Defendants)**

49. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

full herein.

50. At the time of his termination, Plaintiff's hourly rate was $33.50/ hour. Plaintiff worked approximately 8 to 10 hours a day five days a week.

51. By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked including time off the clock when Plaintiff and Employees were required to clock out at the scheduled shift end-time and then continue to work. For example, Plaintiff and employees were required to clean up and wait for other drivers to finish their route while off the clock. Once other drivers completed their route, Plaintiff and Employees were required to ride back to Defendant's shop in the company vehicle including, for instance on shifts during the pay period ending November 2, 2024. Further, Employees were required to carry their work phones and tablets during work and respond to work-related requests during meal periods. Employees regularly worked over 8 hours on a given day without receiving overtime compensation.

52. Defendants consistently improperly rounded down, changed, adjusted Employees time records, paid Employees less than their time records showed.

53. Furthermore, on information and belief, Defendants did not pay Plaintiff and Employees the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendants paid Plaintiff and Employees shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. For instance, during

the pay date November 8, 2024, Plaintiff received a bonus labelled as "Health Wise Credit" not incorporated into the overtime rate. As a further example, during the pay date on December 20, 2024, Plaintiff received a bonus labelled as "HW Credit" not incorporate into the overtime rate. On information and belief, both bonuses were non-discretionary.

54. Therefore, during times when Plaintiff and Employees worked overtime and received shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

55. Employees have been damaged by these violations of California Labor Code §510 (and the relevant orders of the Industrial Welfare Commission).

56. Consequently, pursuant to California Labor Code §§ 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

57. The forgoing uncompensated work caused Plaintiff and Employees to work in excess of eight (8), ten (10), and twelve (12) hours a day, and/or forty (40) hours a week, entitling them to overtime and double-time wages which were systemically denied.

58. Employees have been damaged by these violations of California Labor Code §and 510 (and the relevant orders of the Industrial Welfare Commission).

59. Consequently, pursuant to California Labor Code §510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

60. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

61. Employees regularly worked shifts greater than five (5) hours and greater than ten

(10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

62. Defendants failed to provide Employees with meal periods as required under the Labor Code. Plaintiff and Employees were consistently required to work through their meal periods which they were consistently denied. Specifically, Plaintiff and Employees were required to carry their work cell phones and tablets during work and respond to work-related requests, including during meal breaks, including for instance on shifts during the pay period ending November 2, 2024. Employees were also required to take meal periods after working well beyond the five (5) hour shifts. Furthermore, Employees were regularly required to work for more than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal period as required by law.

63. Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7. Additionally, as detailed above, when Defendants did pay meal period premiums, they did so at the normal regular rate of pay without factoring in all forms or remuneration/compensation or by otherwise incorrectly calculating the regular rate.

64. Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective regular rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

65. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

66. Employees consistently worked consecutive four (4) hour shifts. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

67. Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

68. Additionally, under *Augustus v. ABM Security Services, Inc.,* 2 Cal.5th 257, 260 (2016) "[D]uring required rest periods, employers must relieve their employees of all duties and relinquish any control over how employees spend their time." Defendants did not allow Employees to leave the Defendants' location, and this is directly at odds with *Augustus*, as it "tethered [employees] by time and policy to a particular location" and therefore fails to relieve employees of all work duties and employer control during rest periods. *Augusts,* 2 Cal.5th at 269. Specifically, Plaintiff and Employees were required to carry their work cell phones and tablets during work and respond to work-related requests, including during rest periods, including for instance on shifts during the pay period ending November 2, 2024

69. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective regular rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7. Additionally, as detailed above, when Defendants did pay rest period premiums, they did so at the normal regular rate of pay without factoring in all forms or remuneration/compensation or by otherwise incorrectly calculating the regular rate.

70. Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective regular rates of pay for each day worked without the required rest breaks, a sum to be proven at trial.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY VACATION WAGES**

**(Against All Defendants)**

71. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

72. Pursuant to California Labor Code § 227.3, whenever a contract of employment or employment policy provides for paid vacation and an employee is terminated without having taken off her vested vacation time, all vested vacation shall be paid to her as wages at her final rate in

accordance with said contract of employment or policy respecting eligibility or time served.

73. Defendants paid shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses to Employees but Defendants failed to include these forms of remuneration in the regular rate of pay upon which vacation wages were calculated and paid. For instance, during the pay periods ending on November 8, 2024 and December 20, 2024 Plaintiff received a bonus not incorporated into the overtime rate. Therefore, pursuant to, Plaintiff and Employees seek to recover penalties pursuant to Labor Code § 227.3.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

74. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

75. California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

76. Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, reflected the incorrect hours worked due to the rounding. Employees' wage statements did not include: the total hours worked in violation of Labor Code § 226(a)(2) and failed to accurately set forth all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each such rate in violation of Labor Code § 226 (a)(9). The wage statements provided to Employees were confusing and required Employees to engage in discovery and refer to outside sources to verify whether their pay was correct and potentially resulting in a miscalculation

by the Employees. Moreover, Defendants failed in their affirmative obligation to keep accurate records of the correct overtime wages based on proper regular rate calculations that included shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses earned, and the total amount of compensation of their Employees. Additionally, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay for deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged hereinabove.

77. As a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

78. Pursuant to Labor Code §§ 226(a) and 226(e), Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES**

**IN VIOLATION OF LABOR CODE § 2802**

**(Against All Defendants)**

79. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

80. Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

81. Employees incurred necessary expenditures in the performance of their job duties for Defendants, power tools and hand tools which were necessary to perform their duties under

Defendants' employ. Defendant offered employees loans that they could take to help finance the purchase of tools at workers' own expense. Such loans can be seen for instance on Plaintiff's wage statements during the pay period ending December 18, 2024. From four (4) years prior to the original filing of this lawsuit and continuing to the present, Defendants consistently failed to reimburse Employees for these necessarily incurred business expenses.

82. As a result of the unlawful acts of Defendants, Employees have been deprived of reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**NINTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

83. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

84. On information and belief, Plaintiff gave his notice of resignation on December 16, 2024. On information and belief, Plaintiff's last day worked was on December 26, 2024. On information and belief, Plaintiff did not receive his last pay until December 30, 2024, suggesting payment that was 4 days late with no waiting time payment

85. Numerous Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

86. Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

87. The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

88. Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

/ / /

**TENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**

**(Against All Defendants)**

89. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

90. Plaintiff, on behalf of himself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

91. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

92. Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices.

93. Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

94. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

95. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq*.

96. Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 *et seq*.

97. As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

98. Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

**ELEVENTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO LABOR CODE § 2699, ET SEQ.**

**(Against All Defendants)**

99. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

100. Plaintiff and Employees are aggrieved employees as defined under Labor Code §2699(c) in that they suffered the violations alleged in this Complaint and were employed by the alleged violators, Defendants.

101. Plaintiff seeks penalties under Labor Code §§ 2698 and 2699 for Defendants' violation of all Labor Code provisions included under Labor Code § 2699.5 and includes the penalty provisions, without limitation, based on the following California Labor Code sections: 202, 203, 210, 218.5, 226, 226.4, 226.7, 227.3, 245 *et seq*., 246, 510, 512, 558, 558.1, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1198.5, 1199, 2802, 2698, and 2699, *et seq*.

102. The penalties shall be allocated as follows: 65% to the Labor and Workforce

Development Agency (LWDA) and 35% to the affected employee.

103. Employees also seek any and all penalties and remedies set forth in Labor Code § 558, which states:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.
>
> (b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations of civil penalties issued by the Labor Commissioner for violation of this chapter shall be the same as those set out in Section 1197.1.
>
> (c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by the law.

104. Plaintiff has exhausted his administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on October 6, 2025. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the letters

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1. For an order certifying this action as a class action;

2. For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3. For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4. For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5. For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6. For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7. For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

8. For penalties pursuant to Labor Code § 203 for all Employees who quit in an amount equal to their daily wage times thirty (30) days, as may be proven;

9. For penalties pursuant to Labor Code § 227.3, as may be proven;

10. For penalties pursuant to Labor Code §§ 245 and 246, as may be proven

11. For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq*., including disgorgement or profits, as may be proven;

12. For penalties pursuant to Labor Code § 2699, et seq., as may be proven;

13. For compensatory damages in the amount of all previously unreimbursed business expenditures necessarily incurred by Employees in the discharge of their job duties for Defendants from four (4) years prior to the original filing of this action, as may be proven;

14. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

15. For all general, special, and incidental damages as may be proven;

16. For an award of pre-judgment and post-judgment interest;

17. For an award providing for the payment of the costs of this suit;

18. For an award of attorneys' fees; and

19. For such other and further relief as this Court may deem proper and just.

DATED: June 25, 2026

D.LAW, INC.

By *_/s/ Amanda Fazio_*

Roman Shkodnik
Amanda Fazio
Attorneys for Plaintiff
MICHAEL HILESTUTHILL
and the putative class

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: June 25, 2026

D.LAW, INC.

By *_/s/ Amanda Fazio_*

Roman Shkodnik
Amanda Fazio
Attorneys for Plaintiff
MICHAEL HILESTUTHILL
and the putative class